PER CURIAM.
Plaintiffs appeal from an order of the Tax Court that entered final judgment dismissing their complaint based upon the denial of their application to amend the complaint to substitute Lower Township for the Borough of Wildwood Crest as the party defendant. We affirm.
N.J.S.A. 54:3-21 requires a complaint challenging a real property tax assessment to be filed before April 1. On March 29, 1996, plaintiffs filed a complaint with the Tax Court challenging a property assessment for their motel located in Lower Township. Unfortunately, the plaintiffs named as defendant the Borough of Wildwood Crest which adjoins Lower Township in Cape May County. The tax bill clearly indicates that the property is located in Lower Township.
Within one month after the appeal was filed, plaintiffs’ attorney was advised by the Tax Assessor for Wildwood Crest that the wrong municipality was named in the tax appeal. Plaintiffs *110 attorney attempted to obtain the consent of Lower Township to accept service of an amended complaint. Unsuccessful in those efforts, he filed a motion to amend the complaint on July 2, 1996. The proposed amendment sought to substitute Lower Township as defendant for the Borough of Wildwood Crest. The trial judge relied upon R. 4:9-3 and held that the amendment cannot be allowed after the expiration of the statutory filing deadline to substitute Lower Township for the Borough of Wildwood Crest since Lower Township had not received notice of the institution of the action and had no reason to know that a tax appeal was being commenced.
On this appeal plaintiffs raise the following:
POINT I PLAINTIFF FILED ITS COMPLAINT IN A TIMELY FASHION.
POINT II THE TRIAL COURT’S DENIAL OF THE MOTION WAS INCONSISTENT WITH THE RULES OF THE COURT AND CASE LAW OF THE STATE.
POINT III THE TOWNSHIP WOULD NOT BE' PREJUDICED IF THE MOTION WERE GRANTED.
After review of the record, the applicable law, and the briefs filed, we conclude the contentions are clearly without merit and affirm, essentially for the reasons set forth by Judge Rimm in his oral opinion of September 19,1996. See R. 2:ll-3(e)(l)(E).
Affirmed.